Form G5 (20260311)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | Case Number: 26 B 16751 |
| | ) | |
| Tip Top Doors, LLC | ) | Chapter: 11 |
| | ) | Honorable Michael B. Slade |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**SECOND INTERIM ORDER GRANTING IN PART AND AUTHORIZING USE OF CASH COLLATERAL ON AN INTERIM BASIS**

Upon the motion (the "Motion") of Tip Top Doors, LLC, as debtor and debtor in possession (the "Debtor"), for entry of a final order authorizing the use of cash collateral, granting adequate protection to BMO Bank, N.A. ("BMO") and the U.S. Small Business Administration ("SBA"), and shortening notice by one day; the Court having entered its first interim order on October 26, 2026 [Dkt. No. 20]; the Court having reviewed the Motion, the proposed budget attached to this Order as Exhibit A (the "Budget"), and the record; notice having been sufficient under the circumstances; and the Court being fully advised:

IT IS ORDERED:

1. The Motion is granted on an interim basis as provided in this Order.

2. [Intentionally omitted.]

3. Subject to this Order, the Debtor is authorized to use cash collateral on an interim basis from November 25, 2026 through and including December 22, 2026. A hearing will be held on December 21, 2026, at 10:00 a.m., to consider entry of a further interim order or approval of the use of cash collateral on a final basis.

4. The Debtor may use cash collateral only to pay expenses identified in the Budget attached to this Order as Exhibit A and other expenses authorized by this Court.

5. The Debtor may exceed any individual budgeted expense category by up to ten percent without further Court order or BMO's or the SBA's consent.

6. The Debtor's aggregate expenditures during the budget period may not exceed 110% of aggregate expenditures in the Budget without BMO's or the SBA's written consent or further order of the Court.

7. The Debtor may reallocate unused amounts among budget categories, provided that no individual category exceeds the permitted variance and aggregate expenditures remain within the permitted aggregate variance.

8. Nothing in this Order authorizes payment of professional fees except in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and separate orders of this Court.

9. As adequate protection against any diminution in the value of BMO's interest in its prepetition collateral caused by the Debtor's authorized use of cash collateral, BMO is granted a replacement lien upon postpetition property of the same type in which BMO held a valid, perfected, enforceable, and nonavoidable prepetition lien, together with the identifiable proceeds of that property.

10. As adequate protection against any diminution in the value of the SBA's interest in its prepetition collateral caused by the Debtor's authorized use of cash collateral, the SBA is granted a replacement lien upon postpetition property of the same type in which the SBA held a valid, perfected, enforceable, and nonavoidable prepetition lien, together with the identifiable proceeds of that property.

11. The replacement lien:

a. Is limited to the amount of any actual diminution in the value of BMO's and the SBA's interest in its prepetition collateral resulting from the Debtor's authorized use of cash collateral;

b. Has the same validity, enforceability, priority, and extent as BMO's or the SBA's respective prepetition lien, if any;

c. Is subject to all valid and enforceable liens existing as of the Petition Date that were senior to or pari passu with BMO's and the SBA's respective asserted lien;

d. Does not improve BMO's or the SBA's respective prepetition lien position;

e. Does not attach to avoidance actions arising under chapter 5 of the Bankruptcy Code or their proceeds, absent BMO's and the SBA's written consent or further order of the Court; and

f. Is automatically perfected without requiring BMO or the SBA to execute or file any financing statement, notice, mortgage, or other document.

12. BMO and the SBA may file financing statements or other notices describing its respective replacement lien, but any such filing will be deemed made solely to provide notice and will not expand the replacement lien granted by this Order.

13. The Debtor shall maintain insurance covering its property in commercially reasonable types and amounts consistent with its operations and legal obligations.

14. Upon reasonable written request, the Debtor shall provide BMO and the SBA with evidence of current insurance coverage.

15. To the extent required by an enforceable prepetition agreement and applicable nonbankruptcy law, the Debtor shall identify BMO as lender loss payee or additional insured on policies covering BMO's valid collateral.

16. The Debtor shall use commercially reasonable efforts to maintain and preserve its property in the ordinary course of business.

17. This Order is effective immediately upon entry and is not stayed under Bankruptcy Rule 6004(h) or any other applicable rule.

18. The authorization granted by this Order is on an interim basis, subject to the express reservations and limitations stated herein and to entry of a further interim order or a final order at the hearing on December 21, 2026.

19. The Court retains jurisdiction to interpret, implement, modify, and enforce this Order and to resolve disputes arising from it.

Enter:

United States Bankruptcy Judge

Dated: November 23, 2026

**Prepared by:**

Arthur Corbin
Corbin Law Firm, LLC
636 South River Road, Suite 201
Des Plaines, IL 60016
773-570-0054

# EXHIBIT A

# TIP TOP DOORS, LLC
## Proposed Interim Cash Collateral Budget
## November 25 – December 22, 2026

| | | |
|---|---|---|
| **Ordinary Income/Expense** | | |
| **Income** | | |
| Job Income | | $74,500.00 |
| **Total Income** | | **$74,500.00** |
| | | |
| **Cost of Goods Sold** | | |
| Equipment Rental for Jobs | | - |
| Materials – complete garage doors, openers (motors), torsion spring systems, tracks, door hardware and replacement parts used on every new installation, replacement and repair; GDS is the primary supplier. (Fasteners and job-site consumables are budgeted separately under operating expenses.) | | $41,500.00 |
| | | |
| **Subcontractors Expense** | | |
| ALEKS KLUZA | $3,950.00 | |
| (JUAN) GJ GARAGE DOOR | $3,500.00 | |
| **Total Subcontractors Expense** | | **$7,450.00** |
| | | |
| **Total COGS** | | **$48,950.00** |
| | | |
| **Gross Profit** | | **$25,550.00** |
| | | |
| **Expense** | | |
| | | - |
| **Auto and Truck Expenses** | | |
| Car Wash | | |
| Fuel | $1,200.00 | |
| IPASS | $120.00 | |

| | | |
|---|---|---|
| Parking | | |
| Repair and Maintenance | | |
| Leasing | $600.00 | |
| **Total Auto and Truck Expenses** | | **$1,920.00** |
| Bank Service Charges | | $125.00 |
| Computer and Internet Expenses | | |
| Custom Duties (not expected this month) | | - |
| International Delivery charges (not expected this month) | | - |
| Insurance Expense | | $900.00 |
| Internet | | $196.00 |
| Office Supplies | | $75.00 |
| Payroll Expenses | | $659.00 |
| payment) | | $4,000.00 |
| Warehouse Rent Expense | | $1,847.00 |
| Supplies (nails, screws, small hardware) | | $450.00 |
| Regular local delivery | | $200.00 |
| Telephone Expense | | $395.00 |
| Vehicle maintenance and tool replacement | | $450.00 |
| Waste | | $100.00 |
| Owner Compensation, Diana A. Kluza (Office and administration: prepares estimates and proposals, invoicing, customer communication, coordinates orders with local suppliers, and handles daily office operations.) | | **$3,500.00** |
| Owner Compensation, Jacek Kluza (Field operations: installs, repairs and maintains residential and commercial garage doors and openers (doors, openers, springs, tracks, hardware); troubleshoots mechanical and electrical issues; performs maintenance and safety inspections; meets customers, prepares estimates, and orders from Hormann Polska.) | | **$3,500.00** |
| **Total Expense** | | **$18,317.00** |

| | |
|---|---|
| **Net Ordinary Income** | **$7,233.00** |
| **Other Income/Expense** | |
| **Other Income** | |
| **Net Income** | **$7,233.00** |